UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARRY RODRIGUEZ,

        Plaintiff,

vs.

COMMISSIONER GLENN S. GOORD,

        Defendant.

_____

DECISION AND ORDER
05-CV-6131 CJS

**APPEARANCES**

| | |
|---|---|
| For the Plaintiff: | Kevin Saunders, Esq.<br>Nixon Peabody LLP<br>Clinton Square<br>P.O. Box 31051<br>Rochester, NY 14603 |
| For the Defendant: | Emil J. Bove, Jr., A.A.G.<br>New York State Attorney General's Office<br>144 Exchange Blvd., Suite 200<br>Rochester, NY 14614 |

**Siragusa, J.** Before the Court is an application by Defendant Glenn S. Goord, (Docket No. 71) for summary judgment based upon two arguments: (1) failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e; and (2) failure to state a cause of action for deprivation of his rights under the Eighth Amendment. For the reasons stated below, the Court determines that Plaintiff has failed to comply with the exhaustion requirement, and consequently Defendant's motion to dismiss the case is granted.

**BACKGROUND**

On March 25, 2005, Plaintiff filed a complaint alleging that the cell in which he was then housed at Wende Correctional Facility ("Wende") was only 42 square feet, much less than the eighty square feet he alleged was the minimum required for an inmate who, like him, spent 23 hours a day in his cell. He also alleged that his cell had only a bed and toilet with sink, that he stained his sheets when he ate on his bed, that his legal papers had been destroyed when the toilet overflowed, and that he wanted his depression medication levels raised. He amended his complaint on August 4, 2005, citing additional authorities in support of his claim that the cell in which he was housed at Wende was constitutionally too small and, as such, violated his Eighth Amendment right against cruel and unusual punishment.

On March 25, 2005, Plaintiff also filed a grievance with the Inmate Grievance Resolution Committee ("IGRC") complaining that his cell was too small, that he did not have a table or chair, and that he lost legal papers when his toilet flooded. On April 5, 2005, he received a response from Sergeant Jezurski, who wrote,

> Cell is 8' x 10' or 80 square feet. Directive # 4933 has no provision for table + chair. When he eats on his bed he should be more careful. Inmate has no claim concerning lost letters. MHU is responsible for medication not SHU.
>
> Pay him $25,000.00.

(Jezurski memo to Grievance Dept. (Apr. 5, 2005) *attached to* Rodriguez Aff. (Jan. 25, 2008).) The grievance then went to the IGRC, which responded in writing on April 7, 2005 as follows: "The cell is in accordance with directive # 4933." (*Id.*) Plaintiff did not further appeal his grievance to the superintendent of the correctional facility or to the Central Office Review Committee ("CORC"), as provided for in 7 N.Y.C.R.R. Part 701.

On July 14, 2006, the Court appointed David R. Mowry, Esq., and John Field, Esq., both of the Nixon Peabody firm, as counsel to represent Plaintiff. Subsequently, on January 9, 2008, Kevin T. Saunders, Esq., also from Nixon Peabody, entered his appearance on behalf of Plaintiff. The pending summary judgment motion was filed on February 28, 2007, by Defendant. Plaintiff filed a response in opposition on January 25, 2008, along with what appears to be a pro se memorandum from Plaintiff, and Defendant replied on February 1, 2008. The Court heard oral argument on February 7, 2008.

**SUMMARY JUDGMENT STANDARD**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to


carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue

of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

As indicated above, Defendant has moved for Summary Judgment on two grounds—failure of Plaintiff to exhaust the administrative procedures, and failure to set forth a cause of action.

### *Exhaustion Requirement*

According to 42 U.S.C. § 1997e(a), as it was amended by section 803 of the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Further, the requirement to exhaust must be met even if the state administrative procedures do not provide for recovery of money damages. *Booth v. Churner*, 532 U.S. 731 (2001); *and see Ruggiero v. County of Orange*, 467 F.3d 170, 177 (2d Cir. 2006).

Here, Defendant's claim that Plaintiff failed to fully exhaust. Plaintiff has not shown that he complied with the formal grievance process through final appeal. Although the failure to exhaust is not jurisdictional, the exhaustion requirement gives rise to an affirmative defense. *Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 921 (January 22, 2007);

*Jenkins v. Haubert,* 179 F.3d 19, 28-29 (2d Cir. 1999) ("[A] defendant in a prisoner § 1983 suit may also assert as an affirmative defense the Plaintiff's failure to comply with the PLRA's requirements."). Defendant raised the affirmative defense in his answer, filed on October 24, 2005, about two months after the amended complaint at issue was filed. (Goord Answer ¶¶ 8-9.)

The Second Circuit decided a series of cases examining the scope of the PLRA's exhaustion requirement. *See Giano v. Goord,* 380 F.3d 670 (2d Cir. 2004); *Abney v. McGinnis,* 380 F.3d 663 (2d Cir. 2004); *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004); *Ortiz v. McBride,* 380 F.3d 649 (2d Cir. 2004); *Ziemba v. Wezner,* 366 F.3d 161 (2d Cir. 2004); *Hemphill v. New York,* 380 F.3d 680 (2d Cir. 2004). More recently, the United States Supreme Court has addressed exhaustion. *Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 921 (January 22, 2007); *Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387-88 (2007).

The Second Circuit discussed the current application of these cases to a prisoner civil rights case in *Macias v. Zenk*, 495 F.3d 37 (2d Cir. 2007). Specifically, with respect to *Woodford*, the Second Circuit noted that making a defendant aware of a complaint was not enough to properly exhaust, that "notice alone is insufficient", and concluded that "to the extent that *Braham* [*v. Clancy,* 425 F.3d 177, 183 (2d Cir.2005)] allowed for less than 'proper exhaustion' of claims under the PLRA, *Braham* has been overruled." *Macais*, 495 F.3d 37 at 44. Proper exhaustion means "that a prisoner must 'compl[y] with the system's critical procedural rules' because '[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction' and '[t]he benefits of exhaustion can be

realized only if the prison grievance system is given a fair opportunity to consider the grievance.'" *Macais*, 495 F.3d 37 at 41 (quoting *Woodford*, 126 S. Ct. at 2387-88).

In addition to requiring compliance with the grievance procedures, the Second Circuit reviewed the factors to address in considering the exhaustion requirement:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Macais*, 495 F.3d 37 at 41 (quoting *Hemphill v. New York,* 380 F.3d at 686 (internal quotation marks and citations omitted)). Therefore, the Court must consider whether the administrative remedy was available to Plaintiff and whether Defendants have forfeited or are estopped for raising the exhaustion defense by their own actions. If the procedure was available and Defendants have not waived and are not estopped, then the Court must consider whether there are special circumstances that justify the failure to exhaust.

***Available Grievance Procedures***

The New York State Department of Correctional Services has established an Inmate Grievance Program. *See* 7 N.Y.C.R.R. §§ 701. 1, *et seq.* Defendant has provided evidence that although Plaintiff initially utilized the grievance program as a consequence of his cell size claim, he failed to appeal to the Superintendent, or to CORC, as required in the

administrative process. Relying on *Hemphill v. New York,* 380 F.3d 680 (2d Cir. 2004), Plaintiff argues that he was not required to appeal to the Superintendent or CORC because special circumstances justify his failure to exhaust. Specifically, he contends that pursuit of an appeal would have been futile. He bases this on the IGRC's response to his grievance, that "[t]he cell is in accordance with directive # 4933." He argues further that,

> [n]o one in the administrative process will dispute the size of the cell or offer any remedy for the size of the cell being too small. Accordingly, any appeal of the IGRC's decision is futile. It is for a court to decide whether the size of the cell is a violation of Rodriguez's Eighth Amendment Rights.

(Pl.'s Mem. of Law at 5-6.) In addition to this argument, he contends that Defendant should not benefit from their late imposition of this defense. (*Id.* at 6.)

### *Forfeit or Estoppel*

On the undisputed facts of this case, the Court concludes that Defendants are neither estopped from raising non-exhaustion, nor have they somehow forfeited this defense. Plaintiff's amended complaint was filed on August 16, 2005. The Defendants answered on October 25, 2005, only two months and nine days later. The Clerk's docket does not contain any information as to when Defendants were served, but does reflect the entry of Judge Elfvin's Order directing the Marshal to serve the amended complaint on August 18, 2005. Since this matter is before the Court on summary judgment, Plaintiff has the burden to show that Defendant's answer was untimely, and he has not done so. Accordingly, the Court rejects his argument with regard to the timing of Defendant's answer.

***Exhaustion Effort by Plaintiff***

Viewing the facts in the light most favorable to Plaintiff, it appears from the evidence submitted on the pending summary judgment motion that Plaintiff filed a grievance regarding the cell size on or about March 25, 2005, slightly over four months after his initial incarceration in the cell about which he was complaining. The procedural rules governing grievances provide, in part, that "[a]n inmate must submit a complaint to the clerk within 21 calendar days of an alleged occurrence on an inmate grievance complaint form (form #2131)." 7 N.Y.C.R.R. § 701.5(a)(1). Since Defendant has not raised any argument concerning this time limitation, the Court will assume for the purposes of this motion that the grievance was timely filed.

Plaintiff's grievance went through the first level of review at the IGRC, but no further. Section 701.5 provides for an appeal to the superintendent of the correctional facility, and finally, to CORC. Plaintiff did not follow through on his grievance to the second and third steps in the procedure. He asserts that to have done so would have been futile; however, the policy of the grievance program provides that only the following issues are not grievable:

(e) Non-grievable issues.

(1) An individual decision or disposition of any current or subsequent program or procedure having a written appeal mechanism which extends review to outside the facility shall be considered non-grievable.

(2) An individual decision or disposition of the temporary release committee, time allowance committee, family reunion program or media review committee is not grievable. Likewise, an individual decision or disposition resulting from a disciplinary proceeding, inmate property claim (of any amount), central monitoring case review or records review (freedom of information request, expunction) is not grievable.

> (3) The policies, rules, and procedures of any program or procedure, including those above, are grievable.
>
> Note: If an inmate is unsure whether an issue is grievable, he/she should file a grievance and the question will be decided through the grievance process in accordance with section 701.5 of this Part.

7 N.Y.C.R.R. § 701.3(e). Consequently, despite the IGRC response, that the cell met the guidelines of a departmental directive, Plaintiff should have followed through to CORC to properly comply with 42 U.S.C. § 1997e. The Court determines that Plaintiff has not provided a basis for finding that there are any special circumstances that prevented or thwarted his pursuit of the grievance. See *Hemphill v. New York,* 380 F.3d 680.

Finally, the Court considers whether there are any special circumstances that justify Plaintiff's failure to exhaust despite the availability of the remedies. "[T]here are certain special circumstances in which, though administrative remedies may have been available and though Defendant may not have been estopped from asserting the affirmative defense of non-exhaustion, the prisoner's failure to comply with administrative procedural requirements may nevertheless have been justified." *Giano v. Goord,* 380 F.3d at 676 (citing *Berry v. Kerik,* 366 F.3d 85, 87-88 (2d Cir.2004)) (internal quotation omitted). "Such circumstances, the court has further clarified, may include a prisoner's reliance on a reasonable, if ultimately incorrect, interpretation of prison grievance regulations." *Wilkinson v. Banks*, Slip Copy, No. 02-CV-361, 2007 WL 2693636 (W.D.N.Y. Sep. 10, 2007) (citing *Hemphill,* 380 F.2d at 690; *Giano,* 380 F.3d at 678-79). No such special circumstances are present here. Plaintiff has not argued that he was unaware, mislead, or otherwise justified in the failure to fully exhaust.

**CONCLUSION**

Therefore, Defendant's motion [#71] is granted and Plaintiff's complaint is dismissed for failure to exhaust. Such a dismissal is made without prejudice, although the delay in seeking exhaustion may now impact application of the statute of limitations.

IT IS SO ORDERED.

DATED:   February 21, 2008
         Rochester, New York

                                        ENTER.

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge